UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

ALEXANDER MALDONADO JR.,                                              Plaintiff,

v.                                                                                                 Civil Action No. 1:20-cv-P154-DJH

HON. JUDGE S. WILSON *et al.*,                                    Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

This matter is before the Court on the initial review of Plaintiff Alexander Maldonado Jr.'s *pro se* complaint (Docket No. 1) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### **I. STATEMENT OF CLAIMS**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while a pretrial detainee at the Warren County Regional Jail.[1] As Defendants, he sues Warren Circuit Court Judge Steve Wilson and Public Defender Diana Werkman in their individual and official capacities and also sues the Warren County Sheriff's Office (WCSO).

In the complaint, Plaintiff alleges as follows:

> On 2/7/2020 I was arrested by the WCSO, Case No. 20-CR-00374-001 in Warren Circuit Court which Hon. Judge S. Wilson rules over. I have a confession by David L. Mason on file which is in recording. The WCSO misquote said confession in the written report by WCSO. I have filed numerous motion which Judge Wilson has chosen to ignore in the motion hearings he has disreguarded the motions without reading them on 7/13/2020. On and since April 29th DPA [(Department of Public Advocacy)] Assigned Diana Werkman to represent me in said case and she hasnt even had a meeting with me, on 7/12/20 I filed a motion to dismiss console on 8/18/2020 she did not opposed & added that James, her manager & entire office didnt have the desire to represent me Judge S. Wilson found this profoundly funny & Desided to leave her as my counsel dispite her not doing her job, She has never met with me in private & a recording available thru Securus she confessed to being too busy to examine my discovery. I have found over 20+ pages

---

[1] Plaintiff recently notified the Court of his transfer to the Simpson County Jail (DN 10).

of inconsistencies. The Judge has granted both of the codefendant in this case a grand combined total of $43,500.00 in bond reductions while my bond on this case still sits at $15,025.

Plaintiff additionally alleges that he is in a jail cell where "staff have sexually harrassed me while having a alibi from a Ordained Minister but the WCSO failed to verify it cause they're targeting me & they admit to it in a recording on the discovery." He claims that "the WCSO, the Judge & the DPA Office have failed" him, his children, and the Department of Justice and that he is "baffled how two white Americans with non matching tales are believed over three minorities 2 disabled and American Born citizens."

As relief, Plaintiff seeks monetary and punitive damages and an injunction directing all charges to be dropped and all records expunged.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Public Defender Werkman

"A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). While an exception exists if an attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff has not set forth facts sufficient to state a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). Plaintiff, therefore, fails to state a § 1983 claim against Defendant Werkman, and the claims against her will be dismissed.

### B. Defendant Judge Wilson

#### 1. Official-capacity claims

Defendant Judge Wilson, a state official sued in his official capacity for damages, is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant Judge Wilson in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh

Amendment). Accordingly, the official-capacity claims against Defendant Judge Wilson will be dismissed.

### 2. Individual-capacity claims

Plaintiff alleges wrongdoing by Defendant Judge Wilson while presiding over his pending criminal case. Judges are entitled to judicial immunity for damages claims arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980). Judicial immunity from suit applies even when a judge is accused of acting maliciously or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity from suit can be overcome in two situations. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978).

Neither of these exceptions to judicial immunity is applicable here. Plaintiff's allegations that Defendant Judge Wilson ignored his motions, denied his motion to dismiss counsel, and made different bond determinations for Plaintiff and his co-defendants are of a judicial nature, and Plaintiff does not allege that Defendant Judge Wilson did not have jurisdiction over his criminal proceedings.

Further, because Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable, his claims for injunctive relief against Defendant Judge Wilson are also barred. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (holding that claim for injunctive relief against state judge in his judicial capacity barred because plaintiff had not alleged violation of declaratory decree or that

declaratory relief was unavailable); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 448 (E.D. Mich. 2006) (where plaintiff had not alleged that judicial defendants violated a declaratory decree or that declaratory relief was unavailable, claim for injunctive relief barred).

Accordingly, Plaintiff's individual-capacity claims against Defendant Judge Wilson will be dismissed.

### C. Defendant WCSO

The claims against the WCSO are against Warren County as the real party in interest. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). A municipality, like Warren County, cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff fails to allege that a policy or custom of Warren County caused his alleged harm. For this reason, the claims against Defendant WCSO will be dismissed for failure to state a claim upon which relief may be granted.

### D. Injunctive Relief

Plaintiff's request for charges to be dropped will be dismissed as frivolous because the Court has no authority to interfere in state-court criminal proceedings to dismiss pending charges, except in very limited circumstances not present in the instant case. *See Younger v. Harris*, 401 U.S. 37 (1971); *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996). His request for expungement of all records fails to state a claim upon which relief may be granted because "[t]he right to expungement of state records is not a federal constitutional right." *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980).

### IV. CONCLUSION

For the foregoing reasons, the action will be dismissed by separate Order.

Date: April 13, 2021

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4415.005